PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ BELTRÁN ORTIZ, Defendant and Appellant.

No. 6756. Argued December 7, 1938.—Decided December 16, 1938.

*C. Iriarte, F. Fernández Cuyar* and *H. González Blanes,* for appellant. *R. A. Gómez, Prosecuting Attorney,* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

The district attorney of the District Court of Bayamón filed the following information against José Beltrán Ortiz:

"The district attorney charges José Beltrán Ortiz with a violation of section 1, of an act to prohibit the carrying of arms, approved June 25, 1924, a misdemeanor committed as follows: The said accused on or about January 17, 1936, in the village of Vista Alegre, in the public highways of the city of Bayamón, P. R., which forms part of the judicial district of the same name, unlawfully and wilfully carried a revolver, this being a weapon with which bodily injury may be caused.

"This is an offense against the law in such cases made and provided and against the peace and dignity of The People of Puerto Rico."

After hearing the evidence, he was sentenced to three months imprisonment, and feeling aggrieved, he appealed to this court.

1

For reasons which appear in two opinions of this court delivered in connection with this case, one of them published in volume 52, page 555, and the other in volume 53, page 164, but which are not now essential, the district attorney and the attorney for the accused, with the approval of the judge of the trial court, stipulated the facts. On what is pertinent, the stipulation says thus:

"STIPULATION.—Now comes the district attorney and the attorney for the accused, and in connection with the appeal taken in the above entitled cause, stipulate that the facts as proved during the trial of the same are as follows:

"1. That the accused on or about the 17th day of January, 1936, and for some time previosuly, was the owner of a commercial establishment located in the village of Vista Alegre, in Bayamón.

"2. That by that time and for some time previously, said commercial establishment was being subjected to a series of burglaries, property owned by the accused and belonging to the inventory of goods in said establishment having been stolen.

"3. That on the eve of the crime and in other occasions, the accused gave due notice to the proper public authorities of said burglaries and larcenies.

"4. That, likewise, said accused decided to remain during the night in the above mentioned establishment, to protect his property and prevent the repetition of the acts that were being realized, and on January 17, 1936, late during the night, he discovered Dolores García within his establishment committing larceny and burglary.

"5. That the accused beset the burglar within the establishment shooting at him several times with a revolver, and the latter having succeeded in opening one of the doors and escaped to the street, the accused beset him outside, still shooting at him in the street. Accused shot at him twice in the street while Dolores García was escaping."

The accused-appellant alleges in his brief that the trial court made an improper interpretation of the law and that the application of the law to the established facts is erroneous. To the best of our knowledge, appellant is correct. The case is very similar to that of *People* v. *Bosch*, 43 P.R.R. 711, where it was said:

"Did the appellant cease to be such watchman, when to reprimand or restrain persons taking grass from the property of the employer, he went forth into the highroad? We think not. The going unto the highroad under such conditions was clearly within his duties. If we are right in our contention that a watchman has a right to use a pistol while performing his duties, it follows that the watchman's going out to the highroad was a deed or performance entirely within his employment or the scope thereof."

In the cases of *People* v. *Rodríguez,* 43 P.R.R. 718, and *People* v. *García* (*a*) *El Perla,* 52 P.R.R. ——, the rule established in the *Bosch* case was discussed, even though it was not applied because the facts were different.

The judgment must be reversed.

Mr. Chief Justice Del Toro took no part in the decision of this case.